HAROLD W. GOUGH
1220 Rosecran Street
San Diego, CA 92106
619 573 8876

In Propria Persona

FILED
SEP - 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA AT SAN DIEGO

HAROLD H.W. GOUGH, *In Personam*,
"TYEE," U.S. Documented Vessel, *In Rem*,

    Plaintiff-Applicant,

v.

U.S. NAVY, et al.,

    Defendants.

Case No. 08 cv 1360-BTM(BLM)

*EX PARTE* APPLICATION FOR CLARIFICATION AND/OR, ALTERNATIVELY, RECONSIDERATION OF ORDER DENYING IN FORMA PAUPERIS STATUS WITH WAIVER OF FILING FEES ETC.

    Plaintiff-Applicant, H.W. Gough, *in propria persona,* hereby respectfully applying *ex parte* with a request for filing under seal his request for clarification and/or, alternatively, reconsideration of its original order of 08/19/2008 denying the Plaintiff *in forma pauperis* status.

    Plaintiff would suggest that this Court has inherent authority and jurisdiction to issue a clarification as to the basis of its order *ex parte* and under seal to ensure the confidentiality of the instant pauper's financial resources so that the government may not flood him with documentation to essentially bankrupt him prior to the trial on the causes of action.

- 1 -

EX PARTE APPLICATION FOR CLARIFICATION AND/OR RECONSIDERATION

Alternatively, Plaintiff would suggest that this Honorable Court has statutory jurisdiction under the provisions of Federal Rules of Civil Procedure 60(b)(1),(2),(6) and/or subsection 60(e)(On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, *order*, or proceeding for the following reasons: subsection (1) mistake, inadvertence, surprise, or excusable neglect and/or subsection (2) misrepresentation and/or other misconduct of an adverse party and/or subsection (6) any other reason justifying relief from the operation of the judgment/order and motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Subsection (e) provides statutory authority and jurisdiction to alter or amend its order within 10 days of the entry of its order.

This application is brought by layperson Plaintiff's confusion regarding the statutory basis of the Honorable Court's legal conclusion that 28 U.S.C. § 1915 advises the Court to make a pre-filing determination of any prisoner's civil action that in re the financial ability of the Plaintiff to pay the initial filing fees.[1] Moreover, although the Plaintiff has complied

---

[1] 28 U.S.C. § 1915 et seq. appears to provide, under a *Chevron* analysis, that any civil suit brought by a **prisoner** must be screened prior to filing. Plaintiff would support this observation by an astute examination of that particular proceeding in forma pauperis. Subsection **(a)** ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such **prisoner** possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. Subsection **(2)** provides that "[a] **prisoner** seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or

- 2 -

with the order on 08/29/2008 by filing a amended application this layperson is still concern that under the facts & circumstances of this case, to wit:

The named defendants, individually or in concert with each other or with

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. Subsection **(3)** provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Subsection **(b)(1)** Notwithstanding subsection (a), if a **prisoner** brings a civil action or files an appeal in forma pauperis, the **prisoner** shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—**(A)** the average monthly deposits to the **prisoner's** account; or **(B)** the average monthly balance in the **prisoner's** account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. Subsection **(2)** provides that "[a]fter payment of the initial partial filing fee, the **prisoner** shall be required to make monthly payments of 20 percent of the preceding month's income credited to the **prisoner's** account. The agency having custody of the prisoner shall forward payments from the **prisoner's** account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid. Subsection **(4)** provides that "[I]n no event shall a **prisoner** be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee. Subsection **(f)** provides that **(1)** Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States. **(2)(A)** If the judgment against a **prisoner** includes the payment of costs under this subsection, the **prisoner** shall be required to pay the full amount of the costs ordered. **(B)** The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2). **(C)** In no event shall the costs collected exceed the amount of the costs ordered by the court. Subsection **(g)** provides that "[I]n no event shall a **prisoner** bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Subsection **(h)** provides the definition for a **prisoner** "[a]s used in this section, the term "**prisoner**" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

other divers may utilize the so-called "secret lien" process and take action to seize without any warrant the *in rem* co-plaintiff "Tyee," the sailing vessel at the heart of this litigation. Such actions is dark and may occur in the night and increase the monetary compensation and costs to this pauper Plaintiff unnecessarily and may in fact put the 73 year old retired decorated ex-Marine Plaintiff on the streets of San Diego without any shelter. *See* Complaint at p. 2 (description of parties).

Maritime liens are ancient encumbrances on vessels under Admiralty Law to enforce the payment of debts. The named defendants private merchants (Sea Tow and/or Vessel Assist) and the named governmental defendants (U.S. Navy, U.S. Coast Guard, San Diego Port Authority, and/or San Diego Harbor Police) like admiralty law because it provides less rights to a debtor than the common law whereas maritime law which slightly differs may/should level the "playing field," so to speak, more equal between the litigant parties. Because ships can sail out of a jurisdiction, the merchants needed swift execution to collect debts. Therefore a creditor can have a vessel arrested by the police without any proof that the debt exists and without filing the lien. This is called an "in rem" action, in which the vessel or its cargo is seized without any proof. The creditor does not have to prove that the debt is owed unless someone files a counterclaim in a court. Thus a Notice of Lien can be sent to an alleged debtor without any proof or any filing. The courts have termed this a **"secret lien"** because it is not filed anywhere. The United States is the only government that enforces admiralty law inland. This law was initiated during the Civil War to confiscate property owned by enemies of the United States government. The United States is also the only government that has codified maritime liens into statutes, which is Title 46 U.S.C § 313. The secret lien is codified in 46 U.S.C. §

31342. Maritime liens have a higher priority than all other liens. Their priority over statutory liens is stated in 46 USC § 31307. Priority over common law liens is stated in 46 USC § 31326. There are lists of lien priorities that are published on the websites but are not at issue at this time of the pleading stage of this civil action; nevertheless, it has been announced that mortgage liens, IRS tax liens and other government liens are listed at the lowest priority. Recorded maritime liens take priority over unrecorded liens and are called preferred maritime liens. The responsibility to record maritime liens is delegated to the United States Coast Guard, one of the named defendants in this case. They have forms and instructions on their website. But since there are no requirements for filing a maritime lien, and no proof required, one can provide the public a Notice of Claim of Maritime Lien by recording it with the county or with the Secretary of State or recording it on a UCC1. It is not possible to arrest people for statutory offenses under the common law.

The named government defendants are operating under Admiralty law, as opposed to Maritime law when the controversy is between private parties. *See* Exhibit "A" (San Diego Log article (___/___/2008). The underlying civil suit has a mixture of both governmental defendants and private/civilian defendants which may appear at first blush as complicated. The Plaintiff's complaint posture is that whether under Admiralty or Maritime law the named defendants were under the so-called "Mariner's Code of Conduct" to provide any and all necessary assistance to Plaintiff, his passenger, and the co-plaintiff "Tyee" under the facts and circumstances as plead in detail in the Complaint. See Complaint at p. 19. Admiralty law applies when they arrest 'persons' for statutory offenses and it would appear that any action against the co-plaintiff "Tyee" is an 'in rem' action against a vessel. All

bankruptcy seizures are also considered 'in rem' actions. Thus the title of the court case "In re Maxwell" means it is in rem. Therefore, it is considered that bank foreclosures, traffic tickets and other government arrests are only "notices of interest" or "notices of lien" based on secret maritime liens that have no proof and are rebuttable with a counterclaim by the named defendants individually or in concert with each other. Such is the beauty of Admiralty and Maritime law: it is chaos with rhythms unbeknownst to the common peoples of America and may subject this elderly ex-Combat Veteran to distress and lost of his only beloved worldly possessions.

In this case, as stated above, the arrest/seizure of the "Tyee" would essentially place the Plaintiff on the streets. Moreover, the Court may consider the fact that it has been almost three months since the "soft ground" which is at-issue by this civil complaint. Therefore an advance noticed recorded maritime lien would be a valid counterclaim as an affirmative defense against those "notices of interest" if the named defendants had taken some action of notifying Plaintiff of their intentions at this belated date. Traditionally, enforcement of maritime liens is discussed in 28 U.S.C. § 1602 which is the Foreign Sovereign Immunity Act. Since a "person" is defined as a "foreign state" and owner of a vessel, these statutes describe daily life in the United States. The controlling court case that defines the priority of liens is: *United States v. One 254 Ft. Freighter*, 570 F. Supp. 413 (1983). The most quoted reference that defines a vessel as a person in admiralty jurisdiction is: G. Gilmore & C. Black, The Law of Admiralty p:586-89 (2d ed. 1975). He defines a vessel as a person and it is also common language in the dictionary and the Bible. Vessel is defined in the US Code at 1 USC 3. Black's Law Dictionary 8th

Addition says the definition of vessel is very broad. The standard dictionary defines vessel as ". . . a person as an agent or holder of something," and again the chaotic complexity of this case is revealing if one considers the fact that the Plaintiff is facing the utter power & hand of the United States, State, and Municipalities and ergo he must protect his interest at very stage of these proceedings.

In conclusion, Plaintiff would ask the Honorable Court to issue a clarification as to both the factual and legal basis for its ruling that 28 U.S.C. § 1915 provides this Honorable Court with authority to consider the original application and/or that the Court reconsider its original and/or any percipient orders to ensure that the named defendants do not take any secret underhanded actions to deny him the continued possession of the "Tyee" subject to this Court's supervision.  In essence, protect him as a litigant before the Court.  In this regard, Plaintiff has prepared for filing a "PLAINTIFF'S REQUEST FOR EMERGENCY STAY OF ARREST & SEIZURE OF IN REM PLAINTIFF TYEE," and intends to submit this request in its due time or otherwise if the Court should direct.

RESPECTFULLY requested and submitted this 28th day of August, 2008, in the year of my savior Jesus, de Nazareth, el Galilean, de Judah, el Christ & Messiah!

_____

H.W. Gough, Plaintiff-Applicant, *Pro Per*

EX PARTE APPLICATION FOR CLARIFICATION AND/OR RECONSIDERATION